IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAUTIQUE BOAT COMPANY, INC.,
a Florida corporation,

    Plaintiff,

vs.                          Case No.: 6:13-CV-1707-ORL-36TBS

MALIBU BOATS, LLC, a Delaware     JURY TRIAL REQUESTED
limited liability company,

    Defendant

## COMPLAINT

Plaintiff Nautique Boat Company, Inc., through its undersigned counsel, for its Complaint against Defendant Malibu Boats, LLC, and alleges as follows:

### THE PARTIES

1. Plaintiff Nautique Boat Company, Inc. ("Nautique") is a Florida corporation with a principal place of business at 14700 Aerospace Parkway, Orlando, Florida 32832.

2. Upon information and belief, Defendant Malibu Boats, LLC ("Malibu"), is a limited liability company organized and doing business under the laws of the State of Delaware, and which has its principal place of business in Merced, California.

### JURISDICTION AND VENUE

3. This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 seeking a final judgment that Nautique has not infringed any valid claim of Malibu's United States patents, and/or Malibu's United States patents are invalid pursuant to the patent laws of the United States, Title 35 of the United States Code

1

(35 U.S.C. §§ 101 *et seq.*). The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it involves substantial claims arising under the patent laws of the United States.

4. Malibu conducts substantial and not isolated business throughout the United States, including within this Judicial District and Division. The activities carried out by Malibu include business related internet web sites, offers for sale and sales through advertisements distributed in Florida, through offers for sale at trade shows throughout the United States, establishment of dealers in the State of Florida, and/or direct sales to customers in Florida. Malibu regularly and continuously transacts business in Florida, and purposefully directs its activities into Florida, and has otherwise engaged in conduct sufficient to subject Malibu to the personal jurisdiction of this Court in accordance with the Florida Long Arm Statute and due process.

5. On September 17, 2013, Malibu filed suit in the United States District Court for the Central District of California styled *Malibu Boats, LLC v. Nautique Boat Company, Inc. et al*, Case No. 2:13-cv-06854, and also sued a Nautique dealer, despite the fact the dealer had no role in the development of the accused system.

6. Upon information and belief, Malibu had no specific connection with the Central District of California, as Malibu's principal place of business is found in the Fresno Division of the Eastern District of California. Similarly, Nautique has no regular place of business in the Eastern District of California.

7. On October 25, 2013, District Court Judge Gutierrez issued a *sua sponte* Order to Show Cause to Malibu questioning the Court's subject matter jurisdiction. Specifically, the Order stated "Plaintiff does not state that Defendant Nautique resides in

2

this judicial district. Nor does Plaintiff state that Defendant Nautique has a "regular and established place of business" in this judicial district. As such, Plaintiff fails to properly plead venue under Section 1400(b) of Title 28 of the United States Code." (2:13-cv-06854, Dkt. 15, p. 4.) Malibu was ordered to "to show cause in writing no later than **November 15, 2013** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction." (*Id.*, emphasis original.)

8. On October 31, 2013, rather than responding to the Order to Show Cause and explaining its forum selection, Malibu filed the same action, this time in the Eastern District of Tennessee. (Case No. 3:13-cv-00656.) Malibu's new complaint specifically alleges that "the California court raised a concern about the propriety of venue," and further that the new action was filed "[i]n part to avoid a venue dispute." (Case No. 3:13-cv-00656, Dkt. 1, p. 2.)

9. Nautique believes Tennessee, like the Central District of California, is not the proper jurisdiction or venue. Nautique has no regular place of business in Tennessee. Rather, Malibu's complaints filed first in California, and then in Tennessee to "avoid a venue dispute," evidence overt forum shopping. In order to avoid further forum shopping and responding to complaints across the United States, Nautique brings this action in a proper jurisdiction and venue.

10. There is no doubt that the claims alleged herein can be properly adjudicated in this Court. Malibu has previously subjected themselves to *in personam* jurisdiction in Florida on several occasions, including in litigation with an entity related to Nautique.

3

11. In 2009, Malibu litigated Correct Craft IP Holdings, LLC, in the Middle District. (Case No. 6:09-cv-00813.) In that action, Malibu conceded that it was subject to personal jurisdiction and venue. (Case No. 6:09-cv-00813, Dkt. 31, p. 2.)

12. Likewise, Malibu is involved in another litigation (currently on appeal to the Federal Circuit Court of Appeals) in the Middle District. (Case No. 6:12-cv-00033.) Likewise, Malibu did not contest personal jurisdiction or venue in that action.

13. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§1391(b) and (c).

## FACTUAL BACKGROUND

14. Nautique manufactures boats in the Middle District of Florida. Certain Nautique boats are available with the Nautique Surf System, a system that uses components similar to those sold in the boating industry for nearly a decade.

15. On September 24, 2013, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 8,539,897 ("the '897 patent"), titled "Surf Wake System for a Watercraft." A copy of the '897 patent is attached hereto as Exhibit 1.

16. On September 17, 2013, the PTO issued U.S. Patent No. 8,534,214 ("the '214 patent"), titled "Surf Wake System and Method for a Watercraft." A copy of the '214 patent is attached hereto as Exhibit 2.

17. On September 17, 2013, Malibu filed suit in the United States District Court for the Central District of California, alleging infringement of the '897 patent and the '214 patent (collectively the "Patents-in-Suit") by Nautique boats equipped with the Nautique Surf System.

18. On October 31, 2013, Malibu filed a second action in the Eastern District of Tennessee against Nautique, again alleging infringement of the Patents-in-Suit against the same Nautique products.

19. Malibu's filing of actions against Nautique and its dealer alleging patent infringement of the Patents-in-Suit present a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to Nautique's non-infringement and the invalidity of the Patents-in-Suit.

20. Nautique has not infringed, directly or indirectly, any valid claim of the Patents-in-Suit, and cannot therefore be liable for infringement.

## COUNT ONE
### Declaratory Judgment of Non-Infringement of the Patents-in-Suit

21. Count One is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that Nautique does not infringe the Patents-in-Suit.

22. Nautique herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-20, above, inclusive.

23. No product made, used, sold or offered for sale by Nautique infringes any valid claim of the Patents-in-Suit.

24. The conduct of Malibu has presented a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to Nautique non-infringement of the Patents-in-Suit.

25. Wherefore, Nautique is entitled to a Declaratory Judgment that it does not directly or indirectly infringe any valid claim of the Patents-in-Suit, whether under a theory of literal infringement or infringement under the doctrine of equivalents.

26. This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Nautique asks this Court to enter judgment against Defendants:

   a) Finding the Patents-in-Suit not infringed by any products of Nautique;

   b) Prohibiting Malibu from making further claims of litigation against Nautique for patent infringement;

   c) Finding this case is exceptional under 35 U.S.C. §285, awarding Nautique its attorneys' fees and costs; and

   d) Such and other relief as the Court deems appropriate.

## COUNT TWO
### Declaratory Judgment of Invalidity of the Patents-in-Suit

27. Count Two is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that the Patents-in-Suit are invalid.

28. Nautique herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-20, above, inclusive.

29. Upon information and belief, one or more claims of the Patents-in-Suit is invalid for violation of one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

30. The conduct of Malibu presents a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to the invalidity of the Patents-in-Suit.

31. Wherefore, Nautique is entitled to a Declaratory Judgment that the Patents-in-Suit are invalid under 35 U.S.C. §§102, 103 and/or 112.

32. This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Nautique asks this Court to enter judgment against Defendants:

    e) Finding the Patents-in-Suit invalid;

    f) Prohibiting Malibu from making further claims of litigation against Nautique for patent infringement;

    g) Finding this case is exceptional under 35 U.S.C. §285, awarding Nautique its attorneys' fees and costs; and

    h) Such and other relief as the Court deems appropriate.

## JURY DEMAND

Nautique demands a jury trial on all issues so triable.

Respectfully submitted November 1, 2013.

*[signature]*

Brian R. Gilchrist, Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri, FL Bar No. 015698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Orlando, FL  32801
Telephone:      (407) 841-2330
Facsimile:       (407) 841-2343

Attorneys for Plaintiff,
NAUTIQUE BOAT COMPANY, INC.